UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6398 CAS (PJWx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | U.S. BANK, ET Al. v. ANTHONY RICHARDS, ET Al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants

Not Present                              Not Present

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED

**I.   INTRODUCTION**

On March 7, 2012, plaintiffs U.S. Bank et al. filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendants Anthony Richards and Jessy Simms.

On July 25, 2012, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446.  Defendants assert that this Court has jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332.  Specifically, defendants argue that a federal questions exist: (1) "surrounding the construction of [U.S. Bank's] Pooling and Servicing Agreement"; and (2) because U.S. Bank's "unlawful foreclosure" implicates due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.  Dkt. No. 1 at ¶¶ 9–10.  Defendants also assert that this Court may exercise jurisdiction because plaintiffs and defendants are citizens of difference states and the *defendants*' claimed damages exceed $75,000.  Id. at ¶¶ 3–7.

**II.   ANALYSIS**

As an initial matter, the notice of removal appears to be untimely.  Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons.  Here, the action was initiated on March 7, 2012, yet defendants did not remove until July 25, 2012.  Thus, the removal appears to be untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6398 CAS (PJWx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | U.S. BANK, ET Al. v. ANTHONY RICHARDS, ET Al. | | |

Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiffs is for unlawful detainer. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. Accordingly, the Court appears to lack subject matter jurisdiction on the basis of a federal question.

Defendants' invocation of the Court's diversity jurisdiction also appears misplaced. A federal court has "diversity" subject matter jurisdiction over a claim between parties that are citizens of different states that involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. While defendants assert that they have suffered damages beyond $75,000, it is plaintiffs' asserted damages that control the inquiry. Here, plaintiffs' complaint affirmatively alleges that they seek damages less than $10,000. Therefore, it appears that the Court may not exercise diversity jurisdiction over this action.

### III.    CONCLUSION

Defendants are hereby ORDERED to SHOW CAUSE on or before August 23, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |