UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6398 CAS (PJWx) | Date | August 28, 2012 |
|---|---|---|---|
| Title | U.S. BANK, ET AL. v. ANTHONY RICHARDS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

## I.     INTRODUCTION

On March 7, 2012, plaintiffs U.S. Bank et al. filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendants Anthony Richards and Jessy Simms.

On July 25, 2012, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Defendants asserted that this Court has jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, defendants argued that a federal questions exist: (1) "surrounding the construction of [U.S. Bank's] Pooling and Servicing Agreement"; and (2) because U.S. Bank's "unlawful foreclosure" implicates due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution. Dkt. No. 1 at ¶¶ 9–10. Defendants also asserted that this Court may exercise jurisdiction because plaintiffs and defendants are citizens of difference states and the *defendants*' claimed damages exceed $75,000. Id. at ¶¶ 3–7.

On August 3, 2012, the Court issued an order to show cause on or before August 23, 2012, why this case should not be remanded to Los Angeles County Superior Court. No response has been filed.

## II.     ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6398 CAS (PJWx) | Date | August 28, 2012 |
|---|---|---|---|
| Title | U.S. BANK, ET AL. v. ANTHONY RICHARDS, ET AL. | | |

    As an initial matter, the Court finds that the notice of removal was untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was filed on March 7, 2012, yet defendants did not remove until July 25, 2012. For this reason alone, remand is appropriate.

    Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

    Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, even though defendants here have asserted many. McAtee, 479 F.3d at 1145. In addition, there is no diversity jurisdiction because the plaintiffs' claim for damages is less than $10,000. 28 U.S.C. § 1332. Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

    In accordance with the foregoing, the action is hereby REMANDED to the Los Angeles County Superior Court.

    IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | YS for CJ | |